Citation Nr: 1237400 
Decision Date: 10/02/12 Archive Date: 11/09/12

DOCKET NO. 08-03 397A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical Center in North Florida/South Georgia


THE ISSUE

Entitlement to payment or reimbursement for medical care provided by a non-VA medical facility incurred on November 10, 2007.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

C. Bruce, Counsel



INTRODUCTION

The Veteran served on active duty from April 1956 to April 1960.

This case is before the Board of Veterans' Appeals (Board) on appeal from a December 2007 decision by the North Florida/South Georgia VA Medical Center (VA Medical Center).

The Board notes that the above issue was remanded by the Board in February 2009 and April 2011 for further evidentiary development. A remand by the Board confers on the appellant, as a matter of law, the right to compliance with the remand orders. Stegall v. West, 11 Vet. App. 268 (1998). This development having been achieved, the issue is now ready for appellate review.

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2012). 38 U.S.C.A. § 7107(a)(2) (West 2002).


FINDINGS OF FACT

1. The medical expenses incurred on November 10, 2007, for the treatment of shortness of breath and intermediate coronary syndrome, were not authorized by VA.

2. At the time services were rendered, the Veteran was not service-connected for any disability.

3. At the time of the Veteran's November 10, 2007, treatment, he had insurance coverage under a health-plan contract for payment or reimbursement, in whole or in part, for the treatment, specifically Medicare Part A and Part B.




CONCLUSION OF LAW

The criteria for reimbursement or payment of private medical expenses incurred for treatment on November 10, 2007, have not been met. 38 U.S.C.A. §§ 1725, 1728 (West 2002); 38 C.F.R. §§ 17.120, 17.1000-17.1008 (2012).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

VA's Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA), codified in part at 38 U.S.C.A. §§ 5103, 5103A, and implemented at 38 C.F.R. § 3.159, amended VA's duties to notify and assist a claimant in developing the information and evidence necessary to substantiate a claim. To implement the provisions of the law, VA promulgated regulations codified at 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2012).

Under 38 U.S.C.A. § 5103, VA must notify the claimant of any information or evidence not of record that is necessary to substantiate the claim, as well as what parts of that information or evidence VA will seek to provide, and what parts VA expects the claimant to provide. 38 C.F.R. § 3.159(b) (2012).

VA must provide such notice to a claimant prior to an initial unfavorable decision on a claim for VA benefits by the agency of original jurisdiction (AOJ), even if the adjudication occurred prior to the enactment of the VCAA. See Pelegrini v. Principi, 18 Vet. App. 112, 119-120 (2004). The requirements under VCAA are not applicable where further assistance would not aid the appellant in substantiating a claim, including if resolution of that claim is based on statutory interpretation, rather than consideration of the factual evidence. Wensch v. Principi, 15 Vet App 362 (2001); Dela Cruz v. Principi, 15 Vet. App. 143, 149 (2004); see also 38 U.S.C.A. § 5103A(a)(2) (Secretary not required to provide assistance "if no reasonable possibility exists that such assistance would aid in substantiating the claim").
As discussed in the decision below, the facts are not in dispute and resolution of the appellant's claim wholly depends on the interpretation of relevant law with respect to whether the appellant is entitled to payment or reimbursement of private medical expenses incurred for treatment at a non-VA medical facility. VCAA notice is not required because this part of the claim involves a claim that cannot be substantiated as a matter of law. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994) (where the law and not the evidence is dispositive the Board should deny the claim on the ground of the lack of legal merit or the lack of entitlement under the law); VAOPGCPREC 5-2004 (June 23, 2004) (VA is not required to provide notice of the information and evidence necessary to substantiate a claim where that claim cannot be substantiated because there is no legal basis for the claim or because undisputed facts render the appellant ineligible for the claimed benefit). Notwithstanding, the Veteran was provided with a VCAA notice letters dated March 2008 and July 2010.

Analysis

The Veteran is claiming entitlement to reimbursement of private medical expenses incurred on November 10, 2007 for treatment at a non-VA medical facility. The claimant and his representative assert that VA should provide reimbursement for the cost of the emergency medical care he received at Florida Hospital on November 10, 2007. In this regard, the Veteran noted that: the VA facility was too far to travel to given his emergent condition; someone at the VA Medical Center told him that VA would pay his medical bills for emergency treatment; he cannot afford to pay the outstanding balance.

The Board notes, initially, that the Veteran was seen by the West Volusia Emergency Physicians at the Florida Hospital Deland for an intermediate coronary syndrome on November 10, 2007. VA treatment records dated November 27, 2007, indicated that the Veteran went to Florida Hospital because he was feeling short of breath. The Veteran noted he was feeling upset that day and went into the hospital and had a cardiac catheterization. 

The Board notes that an explanation of benefits regarding the Veteran's claim noted that Medicare paid $132.56 of the bill leaving a copayment to the Veteran of $33.14. The North Florida/South Georgia Veterans' Health System did not receive a bill for the Veteran's emergency room visit for this episode of care because the bill had already been paid by Medicare. It was noted that the Veteran, at the time of the treatment in question, had the following insurance coverage: Medicare Part A and Part B, effective from June 1, 2001. It was further noted that the Veteran was liable for copayments. 

With regard to the Veteran's claim that he was given prior authorization (i.e., someone at the VA Medical Center told the Veteran that VA would pay his bills if his treatment was for an emergency), the Board requested in the previous remand for the phone logs of the VA Medical Center to be searched to determine if it contained documentation of any phone call with the claimant, either before his November 10, 2007, treatment at Florida or within 72 hours after his treatment, and whether this log records what was or what was not told the claimant about VA paying for his treatment. See 38 C.F.R. §§ 17.52, 17.53, 17.54 (2012).

In this regard, it was noted that a search of the Computerized Patient Record System (CPRS) did not contain a telephone consult with the Veteran on or around November 10, 2007. An October 18, 2007 walk-in visit to the Daytona Beach VA Outpatient Clinic noted that the Veteran requested Fee Basis consults to Mayo Clinic in Jacksonville for numerous visits instead of going to the VAMC in Gainesville. The next note entered was on November 19, 2007, which indicated that the Veteran did not show for an eye clinic appointment at the Daytona Beach VA Outpatient Clinic. Furthermore, the Medical Administration Service Transfer Coordinator logs for November 9-13, 2007, did not indicate a call from Florida Hospital for the Veteran's emergency room visit. No other records could be found indicating that the Veteran contacted the VA prior to the November 10, 2007 non-VA emergency room visit. Finally it was noted that the Veteran's Fee Basis record in VistA, the VA computer system, did not indicate that he contacted Fee Services/COJ to request pre-authorization for VA payment of the non-VA emergency room services. Clinical employees in this service were the only individuals authorized to obligate VA funds for non-VA care and even if the Veteran received direction to go to the nearest emergency room over the phone with a VA employee, such recommendations over the telephone are considered prudent medical advice and not a guarantee of VA payment. Therefore the Veteran did not receive pre-authorization for the non-VA emergency room treatment on November 10, 2007. Further information regarding copies of call logs could not be provided due to HIPPA regulations for the other Veterans disclosed on documents. 

Under 38 U.S.C.A. § 1728, VA may reimburse a Veteran for reasonable value of emergency treatment furnished in a non-VA facility, or in lieu of that, make payment directly to a hospital or other health care provider that furnished such treatment on behalf of the Veteran, if other requirements discussed below are met. 38 U.S.C.A. § 1725 (West 2002). Generally, when VA facilities or other government facilities are not capable of furnishing economical hospital care or medical services because of geographical inaccessibility or are not capable of furnishing care or services required, VA may contract with non-VA facilities for care.

Reimbursement or payment for expenses not previously authorized may be made only under the following circumstances (all criteria a, b, and c must be met):

(a) For Veterans with service connected disabilities, treatment not previously authorized is rendered for (1) an adjudicated service-connected disability; or (2) a nonservice-connected disability associated with and held to be aggravating an adjudicated service-connected disability; or (3) any disability of a Veteran who is permanently and totally disabled as a result of a service-connected disability; or (4) for any illness, injury or dental disability in the case of a Veteran who is participating in a rehabilitation program under 38 U.S.C. Chapter 31;
(b) Such treatment was rendered in a medical emergency of such nature that delay would have been hazardous to life or health; and

(c) VA or other Federal facilities were not feasibly available, and an attempt to use them beforehand would not have been reasonable, sound, wise, or practical.

See 38 U.S.C.A. § 1728; 38 C.F.R. §§ 17.52, 17.120.
Failure to satisfy any one of the three criteria (a, b, or c) listed above precludes VA from paying unauthorized medical expenses incurred at a private hospital. See 38 C.F.R. § 17.120; Zimick v. West, 11 Vet. App. 45, 49 (1998).

The record reflects that the Veteran is not currently service connected for any disability. The Board notes, therefore, that the Veteran was not seeking emergency care for an adjudicated service-connected disability; a nonservice-connected disability associated with and held to be aggravating an adjudicated service-connected disability; any disability of a Veteran who is permanently and totally disabled as a result of a service-connected disability; or for any illness, injury or dental disability in the case of a Veteran who is participating in a rehabilitation program under 38 U.S.C. Chapter 31. As such, the Board notes that the Veteran fails to meet the criteria under 38 U.S.C. 1728(a). As noted above, all criteria must be met in order for the Veteran to received reimbursement under 38 U.S.C. 1728. As the Veteran is not currently service connected for any disability the Veteran is not eligible for medical expense reimbursement under 38 U.S.C. 1728 for the hospital treatment provided. 

Because the Veteran did not meet the criteria for payment of authorized or unauthorized medical expenses of 38 U.S.C.A. § 1728 (West 2002 & Supp. 2007), the Veteran's claim for payment must be considered under criteria for determining entitlement under the Veterans Millennium Healthcare and Benefits Act (Act), 38 U.S.C.A. § 1725; 38 C.F.R. §§ 17.1000- 17.1008. The provisions of the Act became effective as of May 29, 2000.

The Veterans Millennium Healthcare and Benefits Act provides for VA to make payment or reimbursement of costs for emergency treatment for non- service-connected disabilities in non-VA facilities, but only if all of the following criteria are met: 

(a) The emergency services were provided in a hospital emergency department or a similar facility held out as providing emergency care to the public;

(b) The claim for payment or reimbursement for the initial evaluation and treatment is for a condition of such a nature that a prudent layperson would have reasonably expected that delay in seeking immediate medical attention would have been hazardous to life or health (this standard would be met if there were an emergency medical condition manifesting itself by acute symptoms of sufficient severity (including severe pain) that a prudent layperson who possesses an average knowledge of health and medicine could reasonably expect the absence of immediate medical attention to result in placing the health of the individual in serious jeopardy, serious impairment to bodily functions, or serious dysfunction of any bodily organ or part);

(c) A VA or other Federal facility/provider was not feasibly available and an attempt to use them beforehand would not have been considered reasonable by a prudent layperson (as an example, these conditions would be met by evidence establishing that a Veteran was brought to a hospital in an ambulance and the ambulance personnel determined that the nearest available appropriate level of care was at a non-VA medical center);

(d) The claim for payment or reimbursement for any medical care beyond the initial emergency evaluation and treatment is for a continued medical emergency of such a nature that the Veteran could not have been safely transferred to a VA or other Federal facility (the medical emergency lasts only until the time the Veteran becomes stabilized);

(e) At the time the emergency treatment was furnished, the Veteran was enrolled in the VA health care system and had received medical services under authority of 38 U.S.C. Chapter 17 within the 24-month period preceding the furnishing of such emergency treatment;

(f) The Veteran is financially liable to the provider of emergency treatment for that treatment;

(g) The Veteran has no coverage under a health-plan contract for payment or reimbursement, in whole or in part, for the emergency treatment (this condition cannot be met if the Veteran has coverage under a health-plan contract but payment is barred because of a failure by the Veteran or provider to comply with the provisions of that health-plan contract, e.g., failure to submit a bill or medical records within specified time limits, or failure to exhaust appeals of the denial of payment);

(h) If the condition for which the emergency treatment was furnished was caused by an accident or work-related injury, the claimant has exhausted without success all claims and remedies reasonably available to the Veteran or provider against a third party for payment of such treatment; and the Veteran has no contractual or legal recourse against a third party that could reasonably be pursued for the purpose of extinguishing, in whole or in part, the Veteran's liability to the provider;

(i) The Veteran is not eligible for reimbursement under 38 U.S.C.A. § 1728 for the emergency treatment provided (38 U.S.C.A. § 1728 authorizes VA payment or reimbursement for emergency treatment to a limited group of Veterans, primarily those who receive emergency treatment for a service-connected disability).

See 38 C.F.R. § 17.1002 (a)-(i).

In this case, a review of the record indicates that of the requisite criteria set forth above, there is at least one that the Veteran does not satisfy, specifically the criteria listed in 38 C.F.R. § 17.1002 (g). In this regard, as explained above, the Veteran had coverage under a health-plan contract for payment or reimbursement, in whole or in part, for the emergency treatment. Thus reimbursement under the provisions of 38 U.S.C.A. § 1725 and 38 C.F.R. § 17.1002 cannot be granted for treatment on November 10, 2007.

Accordingly, for the reasons stated above, pursuant to provisions of 38 U.S.C.A. § 1725 and § 1728, reimbursement for medical expenses incurred for medical services rendered by the non-VA treatment provider on November 10, 2007 is not warranted. The preponderance of the evidence is against the claim, and there is no reasonable doubt to be resolved on the matter. 38 U.S.C.A. § 5107(b) (West 2009).

ORDER

The claim of entitlement to payment or reimbursement of private medical expenses for medical care incurred at a non-VA medical facility on November 10, 2007 is denied.



____________________________________________
K. Parakkal
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs